## BAGULLY v. MORNING JOURNAL ASS'N.

(Supreme Court, Appellate Division, Second Department.  March 7, 1899.)

REMARKS OF COUNSEL.

There is reversible error where counsel for plaintiff, in his argument in a libel suit, said, "To show how juries give verdicts in libel suits, I have here a volume of court of appeals cases, * * * and in the action * * * the jury rendered a verdict for $10,000;" and, on the court stating it was improper, he proceeded, "And the court of appeals affirmed this judgment;" and, on exception by defendant, he said, "I withdraw my remark about $10,000 verdict, and ask you not to consider it,"—though the court charged the jury that this matter had nothing to do with the case, and they were to give it no significance.

Appeal from trial term, Kings county.

Action by Aaron Bagully against the Morning Journal Association. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Milton S. Guiterman, for appellant.

J. Charles Weschler, for respondent.

HATCH, J. This is an action to recover damages for the alleged publication of a libel. The verdict which has been rendered is quite large, but, in view of the testimony given upon the trial, it was perhaps justified. We should have no difficulty in affirming this judgment, were it not for the action and statements made by the attorney for the plaintiff in his summing up to the jury. It appears in the record that, upon such address, counsel for the plaintiff stated:

"To show how juries give verdicts in·libel suits, I have here a bound volume of court of appeals cases from the library, and in the action entitled 'Le Huray Sisters' the jury rendered a verdict for the plaintiff for $10,000. The Court: That is entirely improper, and· should not be made to the jury. I rule you have not the right to make that statement, Mr. Hallheimer. Mr. Hallheimer: And the court of appeals affirmed this judgment. Mr. Guiterman: I take an exception to those remarks. Mr. Hallheimer: I withdraw my remark about that ten thousand dollar verdict, and ask you gentlemen not to consider it. Mr. Guiterman: I object to that statement again being made, and I take an exception to that remark being made to the jury."

There was no possible justification for the reference by the counsel for the plaintiff to the case in the court of appeals. It is not possible that any attorney can be so carried away in his zeal for the success of his client, or be so blinded in his sense of propriety, as to be unaware of the improper character of such matter. It was intended for no other purpose than to convey to the minds of the jury that in this class of cases the sum awarded as damages was always large. When the interruption of counsel came from the court, if he had before lacked perception of the impropriety of his course, it was then called sharply to his attention. Yet he not only disregarded the suggestion of the court, but he aggravated his offense; and it was only when exception was taken, and he became fearful that legal

error might be predicated thereon, that he hastened to make what was evidently thought to be a correction of what furnished ground for a good exception. In the correction, however, the sting of the matter was left by the reiteration of the $10,000 verdict, thus making the correction substantially as offensive as was the original trespass upon the defendant's rights. It is true that the court, in its charge to the jury, stated that this matter had nothing to do with the case then on trial, and that they knew nothing about it, and were not to give it any significance in arriving at their verdict, as such course would be wrong. But, in view of the peculiarly aggravated character of the offense of which plaintiff's counsel had been guilty, we are of opinion that the error committed cannot be said to have been corrected.

In Halpern v. Railroad Co., 16 App. Div. 90, 45 N. Y. Supp. 134, a similar offense was considered by this court; and the charge in that case was that the objectionable matter had nothing whatever to do with the case, and the jury must disregard the statements. Yet we held that the error was not cured. We announced the rule there as we announce it here:

"We by no means intend to say that every irrelevant or improper comment made by a counsel through inadvertence or excess of zeal would require or justify setting aside a verdict, but in this case the conduct of the counsel was persistent and continuous, and his fault flagrant."

So, here the offense was even more persistent, continuous, and flagrant than it was in the case to which the language quoted was applied. Indeed, in the present case the flagrant character of the offense, which was continued after the court had interrupted, approached dangerously near, if it did not constitute, a contempt of court. Its persistent character was not in the least restrained, although the interruption came from court and counsel, until it became apparent that a fatal exception had been taken, when, as we have already observed, the attempt to correct was quite as bad as anything which had preceded it. We think that courts would be remiss in their duty if such flagrant violations as this were overlooked, and not only overlooked, but rewarded.

It follows that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.